Korsmo, J.
(dissenting) —
¶60 I concur in all but the majority’s decision to remand this case for a hearing concerning the discretionary legal financial obligations (LFOs). I would decline to reach the LFO issue in this case because the existing order has no practical consequences for Fabian Arredondo. If he should leave prison and be subject to the LFO order, it will not be until the dawn of the 22nd century.
*539 ¶61 Mr. Arredondo, age 30 at the time he committed these crimes, faces 20 years in prison “straight time” before gaining the opportunity to earn early release credit at the rate of 15 percent against the remaining 843 months on his sentence. With maximum credit, he will be nearing his 110th birthday before he need worry about the impact of these LFOs on his life, and that assumes he already will have paid nearly $20,000 of restitution and mandatory court costs before these discretionary costs might come due. Clerk’s Papers at 93-94. There will be plenty of time to put the question to the trial court should it become anything other than an academic query.
¶62 For that matter, Mr. Arredondo has other current options to put the question of his LFOs before the trial judge. He could bring a timely motion under CrR 7.8(b). He could seek remission of his obligations under RCW 10.01-.160(4). He has the opportunity to raise the issue if he genuinely wants to do so.
¶63 We have noted in the past that a defendant facing sentencing has great incentive not to raise the question of his ability to pay financial obligations. State v. Duncan, 180 Wn. App. 245, 250, 327 P.3d 699 (2014), review granted, 183 Wn.2d 1013 (2015). For that reason, we have declined to hear these claims when raised initially on appeal. Id. at 253. The Washington Supreme Court agreed that we have discretion to hear or decline to hear this issue. State v. Blazina, 182 Wn.2d 827, 832-34, 344 P.3d 680 (2015). Given the forceful language of Blazina, I have little doubt that trial judges in the future will live up to their statutory obligation to inquire about ability to pay at sentencing, to the probable consternation of many of those appearing before them.[3]
*540 ¶64 But sentencing in this case occurred four years before Blazina, and I see nothing to be gained here by putting the county to the expense of a resentencing in a case that already had presented significant security concerns. Accordingly, I respectfully dissent from the decision to return this case to the trial court for consideration of the discretionary LFOs.
Review granted at 185 Wn.2d 1024 (2016).

 By remanding, the majority wrongly assumes that it was error to impose the incarceration costs. We cannot tell that on this record. The court’s error, if there was one, was in ordering the costs without conducting the necessary inquiry into Mr. Arredondo’s ability to pay. Although highly unlikely, the outcome of that inquiry might show that he does have the ability to pay.